UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
ANDREW C. SANKIN,                )
                                 )
        Plaintiff,            )    7:07-cv-10491-CLB-LMS
                                 )
                                 )
  -against-                     )
                                 )
MARK ABESHOUSE and RHONDA        )
LEONARD,                         )
                                 )
        Defendants.           )
                                 )
----------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS ABESHOUSE AND LEONARD'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

                                                                                                                                  Page

PRELIMINARY STATEMENT .................................................................................. 1

ARGUMENT .............................................................................................................. 1

    I.      Sankin is Collaterally Estopped from Asserting that Augustus Capital
            LLC's Claims in the NASD Proceeding Were "Frivolous".................. 1

    II.     Sankin Has Failed to Properly Allege Special Injury......................... 5

          A.     Sankin's Allegation That His Recovery From Cancer Was
                Impaired Does Not Constitute "Special Injury" ..................... 6

          B.     The Fact of the NASD Proceeding and the Statements
                in the Form U-5 Do Not Constitute "Special Injury" ............... 6

          C.     Vague Allegations About the Impairment of Sankin's
                Relationship With Joseph Edelman Do Not Constitute
                "Special Injury" ...................................................................... 7

    III.    The Complaint Fails to Properly Allege That Leonard Acted
            With Malice ........................................................................................ 8

    IV.    The Complaint Should Be Dismissed Because Neither Abeshouse
            Nor Leonard Was a Party in the Prior Proceeding ........................... 11

    V.     The New York Court of Appeals Would Likely Follow the
            California Supreme Court's Decision in *Brennan* ........................... 12

CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

Page

Federal Cases

*Bell Atlantic v. Twombly*, U.S. , 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .............. *passim*

*First Merch. Bank OSH, Ltd. v. Vill. Roadshow Pictures (U.S.A.) Inc.*,
2002 U.S. Dist. LEXIS 11769 (S.D.N.Y. June 28, 2002) ........................................ 7

*Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108 (2d Cir. 1993) .................... 3

*Hygrade Operators, Inc. v. Local 333, United Marine Div., ILA, AFL-CIO*,
945 F.2d 18 (2d Cir. 1991) ................................................................ 3

*In re Eerie World Entertainment, L.L.C.*, 2006 Bankr. LEXIS 770
(Bank. S.D.N.Y. Apr. 28, 2006) ........................................................... 6

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ................................................ 8

*Kaslof v. Global Health Alternatives, Inc.*, 2000 U.S. Dist. LEXIS 21053
(E.D.N.Y. June 29, 2000), adopted, 2001 U.S. Dist. LEXIS 2612
(E.D.NY. Feb. 13, 2002) .................................................................. 8

*Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281 (2d Cir. 1986) ............................. 4

*O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996) ....................................... 8

*O'Neill v. Merrill Lynch, Pierce, Fenner & Smith*, 654 F. Supp. 347 (N.D. Ill. 1987) ... 2

*Ottley v. Schwartzberg*, 819 F.2d 373 (2d Cir. 1987) ....................................... 3

*Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410
(11th Cir. 1990) .......................................................................... 3

*Record Club of America, Inc. v. United Artists Records, Inc.*,
611 F. Supp. 211 (S.D.N.Y. 1985) ......................................................... 12

*Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477,
109 S. Ct. 1917, 104 L. Ed.2d 526 (1989) ................................................. 2

*Salt Lake City v. Hollister,* 118 U.S. 256, 6 S. Ct. 1055, 30 L. Ed. 176 (1886) .......... 12

*Shearson/American Express Inc. v. McMahon,* 482 U.S. 220, 107 S. Ct. 2332,
96 L. Ed.2d 185 (1987) ................................................................................ 2

*Sobel v. Hertz, Warner & Co.,* 469 F.2d 1211 (2d Cir. 1972) ................................. 2

*Stroh Container Co. v. Delphi Indus.,* 783 F.2d 743 (8th Cir. 1986) ........................ 3

*Thryoff v. Nationwide Mut. Ins. Co.,* 2006 U.S. Dist. LEXIS 71706
(W.D.N.Y. Sept. 29, 2006) ............................................................................. 6

*United Paperworkers Int'l Union, AFL-CIO, v. Misco, Inc.,* 484 U.S. 29,
108 S. Ct. 364, 98 L. Ed. 2d 286 (1987) ........................................................... 3

*Valdes v. Swift Transp. Co., Inc.,* 292 F. Supp. 2d 524 (S.D.N.Y. 2003) ................... 2

*Zandford v. Prudential Secs., Inc.,* 1995 U.S. Dist. LEXIS 22355
(D.D.C. Aug. 15, 1995) ................................................................................. 4

STATE CASES

*Angelo v. Metro-North Commuter R.R.,* 193 A.D.2d 525, 598 N.Y.S.2d 189
(1st Dep't 1993) .......................................................................................... 13

*Brennan v. Tremco, Inc.,* 25 Cal. 4th 310, 105 Cal. Rptr. 2d 790, 20 P.3d 1086
(Cal. 2001) ................................................................................................. 12

*Burke v. Massara,* 46 Misc. 2d 933, 261 N.Y.S.2d 314 (Sup. Ct. 1965) ................... 11

*Campion Funeral Home v. State,* 166 A.D.2d 32, 569 N.Y.S.2d 518
(3d Dep't 1991) ........................................................................................... 6

*Dudick v. Gulyas,* 277 A.D.2d 686, 716 N.Y.S.2d 407 (3d Dep't 2000) ................... 7

*Engel v. CBS, Inc.,* 93 N.Y.2d 195, 689 N.Y.S.2d 411, 711 N.E.2d 626 (1999) ....... *passim*

*Fink v. Shawangunk Conservancy, Inc.,* 15 A.D.3d 754, 790 N.Y.S.2d 249
(3d Dep't 2005) ........................................................................................... 4

*Groat v. Town Bd. of Glenville,* 73 A.D.2d 426, 426 N.Y.S.2d 339
(3d Dep't 1980) ........................................................................................... 8, 13

*Hornstein v. Wolf,* 109 A.D.2d 129, 491 N.Y.S.2d 183 (2d Dep't 1985) ................... 8

*Howard v. City of New York*, 294 A.D.2d 184, 741 N.Y.S.2d 687
(1st Dep't 2002) .................................................................................................. 7

*Loftus v. Arthus*, 2007 N.Y. Misc. LEXIS 5874 (Sup. Ct. July 16, 2007) ............... 4

*Molinoff v. Sassower*, 99 A.D.2d 528, 471 N.Y.S.2d 312 (2d Dep't 1984) ............. 8

*Perryman v. Village of Saranac Lake*, 41 A.D.3d 1080, 839 N.Y.S.2d 290
(3d Dep't 2007) ................................................................................................. 10

*Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 487 N.Y.S.2d 823, 467 N.E.2d 487
(1984) ................................................................................................................. 4

*Smith Barney Shearson Inc. v. Sacharow*, 91 N.Y.2d 39, 666 N.Y.S.2d 990,
689 N.E.2d 884 (1997) ...................................................................................... 2

*Strumpf v. Asdourian*, 2006 N.Y. Misc. LEXIS 3976 (Sup. Ct. Dec. 12, 2006) ...... 7, 11

*Todd Layne Cleaners LLC v. Maloney*, 17 Misc. 3d 1114(A)
(Civ Ct. N.Y.C. 2007) ....................................................................................... 1

*Watson v. City of New York*, 57 Misc. 2d. 542, 293 N.Y.S.2d 348
(N.Y.C. Civ. Ct. 1968) ...................................................................................... 7

## PRELIMINARY STATEMENT

Defendants Mark Abeshouse ("Abeshouse") and Rhonda Leonard ("Leonard") respectfully submit this joint memorandum of law in further support of their respective motions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims against each of them, with prejudice, and for such other and further relief as the Court deems just and proper.

## ARGUMENT

### I. Sankin is Collaterally Estopped from Asserting that Augustus Capital LLC's Claims in the NASD Proceeding Were "Frivolous"

Sankin is seeking to relitigate an issue that he extensively briefed, argued, and lost in the underlying arbitration proceeding before the National Association of Securities Dealers (the "NASD Proceeding). After six days of testimony from numerous witnesses, the arbitration panel directed the parties to address the attorneys' fee issue in their post-arbitration briefs. As reflected in such briefs, neither Augustus nor Sankin made either of the arguments that Sankin makes to this Court, i.e., that the application of Uniform Rule 1301.1 is "discretionary" and is not a source of authority for arbitrators.[1] Rather, Augustus argued that there was no factual basis for finding that Augustus' claims in the arbitration proceeding were frivolous, and Sankin took the opposite tack, arguing, as he does in his complaint and opposition brief here, that:

> Augustus' claims are completely without merit, vindictive, malicious, and, above all, frivolous. Should Mr. Sankin prevail, he is entitled to legal fees and expenses.

Stewart Ex. B, Sankin Post-Arbitration Brief, at 11.[2]

---

[1] None of the cases cited at page 21 of Sankin's brief (*Todd Layne Cleaners LLC v. Maloney,* 17 Misc. 3d 1114(A) (Civ Ct. N.Y.C. 2007) *et seq.*) are discussed in either Augustus' or Sankin's post-arbitration briefs.

[2] "Stewart Ex. __" refers to the exhibits attached to the Stewart Declaration, dated January 11, 2008. "Stewart Reply Ex. __" refers to the exhibits attached to the Stewart Declaration, dated February 25, 2008.

1

The arbitration panel, in the decision Sankin caused to be confirmed in Supreme Court of the State of New York, County of New York, denied Sankin's request for an award of attorneys' fees and costs, as Sankin concedes. Sankin Br. at 2 ("it is true that the arbitration panel denied Sankin's request for his attorneys fees as a 'sanction' against defendants for their 'frivolous' arbitration demand"). In seeking to revisit the attorneys' fees issue, Sankin is, in effect, seeking to modify the Award that he confirmed, and have this Court review the arbitration panel's decision, in contravention of NASD Code of Arbitration § 10330(b).[3]

Sankin argues that the arbitration panel's decision rejecting his demand for an award of attorney's fees has no preclusive effect because the arbitration panel did not set forth its reasoning, and he cites an Illinois case, *O'Neill v. Merrill Lynch, Pierce, Fenner & Smith,* 654 F. Supp. 347, 352-53 (N.D. Ill. 1987), as support for his argument that collateral estoppel is "ill-suited for application to an arbitral award." Sankin Br. at 22. For the following reasons, this Court should reject Sankin's attempt to relitigate issues decided against him in the NASD Proceeding.

In New York, there is a "long and strong public policy favoring arbitration." *Smith Barney Shearson Inc. v. Sacharow,* 91 N.Y.2d 39, 49, 666 N.Y.S.2d 990, 689 N.E.2d 884 (1997); *Valdes v. Swift Transp. Co., Inc.,* 292 F. Supp. 2d 524, 530 (S.D.N.Y. 2003).[4] Case law establishes that arbitrators do not need to state the reasons behind their awards. *See Sobel v. Hertz, Warner & Co.,* 469 F.2d 1211, 1214-15 (2d Cir. 1972) (public interest demands that arbitration remain an efficient and economic alternative to litigation, and requiring written

---

[3] Under NASD Code of Arbitration § 10330(b), all awards rendered pursuant to such Code are deemed final and not subject to review, "[u]nless the applicable law directs otherwise."

[4] *See also Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 481-82, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989); *Shearson/American Express Inc. v. McMahon,* 482 U.S. 220, 227-38, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987).

2

opinions would be destructive to the system and would "diminish whatever efficiency the process now achieves"); *Raiford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 1410, 1413 (11th Cir. 1990) (requiring arbitrators to explain their reasons would defeat policy in favor of expedited procedures); *Stroh Container Co. v. Delphi Indus.*, 783 F.2d 743, 750 (8th Cir. 1986) (forcing arbitrators to explain awards would "subvert the proper functioning of the arbitral process"). To facilitate this intended quick, efficient, and informal means of private dispute resolution, a court, in confirming an arbitration award, need only infer from the facts of the case the grounds for the arbitrator's decision. *See United Paperworkers Int'l Union, AFL-CIO, v. Misco, Inc.*, 484 U.S. 29, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). The award may be vacated "only for an overt disregard of the law and not merely for an erroneous interpretation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993); *see also Hygrade Operators, Inc. v. Local 333, United Marine Div., ILA, AFL-CIO*, 945 F.2d 18, 22 (2d Cir. 1991). A party moving to avoid confirmation of an award or to vacate or modify an award, must make a highly convincing showing, *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987), and "bears a heavy burden of proof." *Folkways Music Publishers*, 989 F.2d at 111. It is against this line of case authority favoring arbitration and giving due deference to the arbitrators' decisions in unwritten decisions (as well as the position of New York courts, including the Court of Appeals, that malicious prosecution cases are strongly disfavored) that the Court must assess Sankin's position that he can raise the very same arguments in this action that he admits making and losing in the NASD Proceeding, including a request for attorney's fees that was previously expressly denied in the NASD Proceeding.[5]

---

[5] Sankin makes no effort to disguise the fact that he is relitigating the NASD Proceeding. Indeed, approximately 20 of Sankin's 26 document requests to Abeshouse are the same discovery requests that he previously propounded in the NASD Proceeding. Compare Stewart Reply Ex. A, Sankin Document Requests Nos. 1-17, 19-20, 22-23 in NASD Arbitration, with Stewart Reply Ex. B, Sankin Document Requests Nos. 1-16, 18, 24-26 in the instant action.

3

In the arbitration proceeding, Sankin argued that he was entitled to attorneys fees under Uniform Rule 130.1-1. Sankin's current argument that "it could not be said that a decision denying Rule 130.1-1 relief necessarily constitutes a determination of the question of whether the proceeding was brought without probable cause" (Sankin Br. at 22) was addressed in *Loftus v. Arthus,* 2007 N.Y. Misc. LEXIS 5874 (Sup. Ct. July 16, 2007), a case Sankin elects to ignore. In *Loftus,* the court dismissed a malicious prosecution claim because the plaintiff previously had made a motion for sanctions under Uniform Rule § 130.1-1 that was denied. In relevant part, the *Loftus* court stated: "A prior judicial finding that the underlying civil claim, although not ultimately successful, was not frivolous or unsupportable creates a presumption that it did not lack probable cause, and where, as here, plaintiffs fail to rebut that presumption, the result must be dismissal of the malicious prosecution complaint." *Id.,* at *9 (citing *Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 790 N.Y.S.2d 249 (3d Dep't 2005) (same)).

"The doctrine of collateral estoppel, a narrower species of *res judicata,* precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500, 487 N.Y.S.2d 823, 467 N.E.2d 487 (1984). "A party whose claims have been decided in arbitration may not then bring the same claims under new labels." *Zandford v. Prudential Secs., Inc.,* 1995 U.S. Dist. LEXIS 22355 (D.D.C. Aug. 15, 1995) (holding that plaintiff's claim of conspiracy to cause malicious prosecution was an attempt to circumvent the decision of the arbitration panel). Indeed, Sankin admits that, if the prior decision was not explicit on the point sought to be precluded, collateral estoppel is still applicable "[i]f by necessary implication it is contained in that which has been explicitly decided." Sankin Br. at 20, citing *Norris v. Grosvenor Mktg. Ltd.,*

4

803 F.2d 1281, 1285 (2d Cir. 1986). Defendants respectfully suggest that they have carried their burden of demonstrating that the arbitration panel must have considered and rejected Sankin's argument that he was "entitled" to attorneys' fees under Uniform Rule 130.1-1. To hold otherwise would run counter to established law respecting the deference to be accorded to confirmed arbitration awards (especially NASD awards, which are supposed to be final and not subject to review) and invite dissatisfied participants in arbitration proceedings to subsequently open up a second front in court, as Sankin has done here, unless the arbitration panel issues a written decision articulating its rationale.

In sum, the issue of whether the underlying action was commenced in bad faith, and therefore lacked probable cause, was strenuously argued and fully litigated in the NASD Proceeding. Sankin has lost this argument and therefore his malicious prosecution action should be dismissed because he cannot establish the requisite element of probable cause.[6]

## II.   Sankin Has Failed to Properly Allege Special Injury

Under *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 689 N.Y.S.2d 411, 711 N.E.2d 626, (1999), New York law requires that the plaintiff in a malicious prosecution action plead "some concrete harm that is considerably more cumbersome than the physical, psychological, or financial demands of defending a lawsuit." *Id.,* at 205. As demonstrated in Defendants' opening briefs, damages in the form of attorneys' fees, legal expenses, harm to reputation and emotional damage and mental distress are not considered "special damages" under New York law. Moreover, under *Bell Atlantic v. Twombly*, U.S. , 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), the complaint must include sufficient facts to afford the defendant fair and sufficient notice of the claims and the grounds upon which they are based, and demonstrate a right to relief. Taken

---

[6] At a minimum, Sankin obviously cannot relitigate the issue of whether he is entitled to recover attorneys' fees, having lost this issue below.

together, these legal authorities compel the dismissal of the complaint, because the damages that Sankin has alleged – attorneys' fees, the impairment of his recovery from cancer, the adverse impact upon his relationship with Joseph Edelman (Stewart Ex. 6, Complaint, ¶¶ 6, 40) – do not, as alleged, constitute special injury under New York law.

### A. Sankin's Allegation That His Recovery From Cancer was Impaired Does Not Constitute "Special Injury"

*Thryoff v. Nationwide Mutual Insurance Company,* 2006 U.S. Dist. LEXIS 71706 (W.D.N.Y. Sept. 29, 2006) does not support Sankin's argument that New York courts would recognize that "pressing an arbitration against a cancer patient" constitutes a form of special injury. *Engel* states that "physical, psychological, or financial demands of defending a lawsuit injury," including emotional damage and mental stress, do not constitute special injury. *See also In re Eerie World Entertainment, L.L.C.,* 2006 Bankr. LEXIS 770, at * 29 (Bank. S.D.N.Y. Apr. 28, 2006) (stating that damages in the form of "emotional damage and mental stress ... cannot be considered special damages under New York law.") (citing *Engel* and *Campion Funeral Home v. State,* 166 A.D.2d 32, 569 N.Y.S.2d 518 (3d Dep't 1991). Nor did *Engel* cite "with approval cases in which courts found that claims of extreme emotional harm could establish existence of a special injury," as *Thryoff* mistakenly claims. *Id.,* at *12. The emotional or physical effects that Sankin, then allegedly afflicted with cancer, but now fully recovered according to his former attorney's statement to this Court, purportedly felt as a result of the inception of the NASD Proceeding do not constitute special injury under New York law.

### B. The Fact of the NASD Proceeding and the Statements in the Form U-5 Do Not Constitute Special Injury

Sankin has added an additional allegation in his opposition papers, one not found in his complaint, that the fact of the NASD Proceeding and the statements on his U-5 caused harm to

6

his reputation and thus constitute special injury. Sankin Br. at 19. Reputational damage, however, does not constitute "special injury" under *Engel*. 93 N.Y.2d at 206-07. *See also Howard v. City of New York*, 294 A.D.2d 184, 741 N.Y.S.2d 687 (1st Dep't 2002) (correction officer who previously had faced charges as a result of false allegations that she had appeared in a pornographic video failed to allege special injury). Indeed, the pre-*Engel* case upon which Sankin relies for this argument, *Watson v. City of New York*, 57 Misc. 2d. 542, 293 N.Y.S.2d 348 (N.Y.C. Civ. Ct. 1968), was cited by the *losing party* in *Engel*. 93 N.Y.2d at 197.

### C. Vague Allegations About the Impairment of Sankin's Relationship with Joseph Edelman As a Result of the NASD Proceeding Do Not Constitute "Special Injury"

In *Engel*, the Court of Appeals rejected the plaintiff's argument that his contention that clients had been dissuaded from hiring him constituted special injury. The court stated: "[T]here has been no allegation that the consequences, in terms of lost business, have marred, in any specific and meaningful way, Engel's or his law firm's financial opportunities." 93 N.Y.2d at 206-07. Here, Sankin does not allege the NASD Proceeding caused him monetary harm. Rather, he dances about the issue, alleging "the NASD arbitration damaged Sankin's relationship with Edelman, Perceptive's principal, and was a contributing factor in Sankin's removal as an officer of Perceptive Advisors." Sankin Br. at 18. Following *Engel*, New York courts have found special injury only in cases where the plaintiff alleges the loss of specific business and income as a result of the filing of the underlying action. *See, e.g., Dudick v. Gulyas*, 277 A.D.2d 686, 688, 716 N.Y.S.2d 407, 410 (3rd Dep't 2000) (chiropractor's loss of business was special injury resulting from disciplinary action brought by defendant); *Strumpf v. Asdourian*, 2006 N.Y. Misc. LEXIS 3976 (Sup. Ct. Dec. 12, 2006) (hike in malpractice rates and loss of clients); *First Merch. Bank OSH, Ltd. v. Vill. Roadshow Pictures (U.S.A.) Inc.*, 2002 U.S. Dist. LEXIS 11769

(S.D.N.Y. June 28, 2002) (wrongful attachment of bank account); *Groat v. Town Bd. of Glenville,* 73 A.D.2d 426, 426 N.Y.S.2d 339 (3d Dep't 1980) (police officer suspended without pay and dismissed from the force after charges of misconduct lodged against him). Sankin's failure to specifically allege that he lost identifiable and quantifiable business and income as a result of the NASD Proceeding distinguishes his case from those he relies upon and warrants the dismissal of the complaint. *See Engel,* 689 N.Y.S.2d at 417-18; *Molinoff v. Sassower,* 99 A.D.2d 528, 471 N.Y.S.2d 312 (2d Dep't 1984); *Campion Funeral,* 569 N.Y.S.2d at 521; *Kaslof v. Global Health Alternatives, Inc.,* 2000 U.S. Dist. LEXIS 21053 (E.D.N.Y. June 29, 2000) (recommending dismissal of malicious prosecution claim where plaintiffs merely sought compensatory and punitive damages plus costs and attorneys' fees), *adopted,* 2001 U.S. Dist. LEXIS 2612 (E.D.NY. Feb. 13, 2002).

Nor does Sankin address Defendants' argument that his allegations respecting the manner in which his relationship with Joseph Edelman was allegedly affected do not include sufficient facts or detail to afford defendants fair notice of Sankin's entitlement to relief for malicious prosecution. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. at 1964-65; *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007). Given the *Engel* court's admonition that malicious prosecution claims are strongly disfavored and the requirement that the plaintiff must allege special injury in such cases, Sankin must do more than allege in conclusory fashion that the NASD Proceeding "constituted a grievous interference with Sankin's career." Sankin Br. at 17.

### III. The Complaint Fails to Properly Allege that Leonard Acted With Malice

Among other things, a properly pleaded claim for malicious prosecution must sufficiently allege that the prior action was "begun with malice." *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir. 1996). Malice has been defined as acting with "conscious falsity," *Hornstein v. Wolf,*

8

109 A.D.2d 129, 133, 491 N.Y.S.2d 183, 187 (2d Dep't 1985), or constituting "a purpose other than the adjudication of a claim." *Engel,* 93 N.Y.2d at 204. Under the pleading standard enunciated recently by the Supreme Court in *Bell Atlantic v. Twombley,* 127 S. Ct. at 1964-65, Sankin is required to allege sufficient factual detail in support of each and every element of his malicious prosecution claim, including the element that the prior arbitration was begun with malice. Sankin has utterly failed to do so with regard to Leonard.

According to the complaint, the malice element is supposedly satisfied as to Leonard by: (1) the "defamatory statements on Sankin's Form U5" and (2) the "service of the Statement of Claim one day before Sankin's cancer surgery." Stewart Ex. E, Complaint, ¶ 39.[7] As indisputably demonstrated in Leonard's main papers, these allegations do not sufficiently allege that the arbitration proceeding was begun with malice by Leonard. In his opposition papers, Sankin does not even address Leonard's arguments concerning the very factual allegations in his complaint that Sankin has expressly described as relating to the malice element of his malicious prosecution claim. Indeed, Sankin does not even try to show how these allegations somehow constitute sufficiently pleaded allegations concerning the malice element. In particular, Sankin does not rebut Leonard's argument that the filing of the U5 Form eight months before the initiation of the prior proceeding and the legal service of the Statement of Claim cannot demonstrate that Leonard was motivated by malice with regard to the initiation of the NASD Proceeding. Sankin Br. at 15-16.

Instead, recognizing that he has utterly failed to otherwise sufficiently allege the malice element against Leonard in the complaint, Sankin attempts to argue that he has nonetheless

---

[7] Sankin also alleges additional malice-related facts against Abeshouse related to the correspondence between Sankin and Abeshouse "in which Abeshouse expresses his displeasure with the Agreement," and Abeshouse's alleged statement to one of Sankin's attorneys. Stewart Ex. E, Complaint, ¶ 39.

9

satisfied this element of a malicious prosecution claim with his conclusory and inadequate allegations that there was no probable cause for the commencement of the NASD Proceeding. In support of this argument, Sankin incorrectly states that Leonard does not "dispute[] that the complaint sufficiently alleges that the arbitration was commenced without probable cause." Sankin Br. at 15, n.5. Sankin's argument as to the malice element should be rejected.

As a preliminary matter and contrary to Sankin's statement, Leonard does expressly argue in her main moving papers that "Sankin also fails to sufficiently allege the complete absence of probable cause with regard to the prior proceeding." As Leonard has detailed, Sankin's conclusory and inadequate allegations concerning the probable cause element in combination with the existence of alleged and routine prior inconsistent statements simply does not satisfy applicable pleading standards requiring Sankin to allege with sufficient detail that the lack of probable cause in the prior proceeding was "<u>patent</u>," *Perryman v. Village of Saranac Lake,* 41 A.D.3d 1080, 1081, 839 N.Y.S.2d 290, 292 (3d Dep't 2007), and that there was "<u>an entire lack of probable cause present in the prior proceeding</u>." *Engel,* 93 N.Y.2d at 204. *See* Leonard Opening Br. at 14-15 (emphasis added).

Simply alleging in conclusory fashion and with no actual supportive factual detail that the prior proceeding was initiated without probable cause does not satisfy the applicable pleading requirement with regard to the probable cause element of a malicious prosecution claim. It also cannot collaterally satisfy the pleading requirement with regard to the separate element relating to malice. Sankin's reference to allegations that the defendants intentionally misrepresented certain facts <u>during</u> the arbitration proceeding does not demonstrate that the prior proceeding was <u>initiated</u> with malice by Leonard. Since such allegations relate to alleged conduct during the prior proceeding itself, they are of no relevance with regard to sufficiently pleading that the

10

NASD Proceeding was begun with malice. In addition, though Sankin argues in his opposition memorandum, without reference, that "according to the complaint, both defendants acknowledged that Sankin had met his obligations under his contract" (Sankin Br. at 15), the complaint itself makes no such allegation at least with regard to Leonard. In any event, even if the complaint did allege this fact, it still would fall woefully short of sufficiently pleading that there was a complete absence of probable cause.

In sum, the element that the prior proceeding was commenced with malice does not come close to being sufficiently pleaded in Sankin's complaint as to Leonard with (1) allegations related to the separate element of probable cause which are themselves conclusory and inadequate, (2) allegations which relate only to certain conduct at the arbitration itself but not to the commencement of the arbitration proceeding, and (3) allegations which are not even made in the complaint by Sankin despite his inaccurate statement in his brief to the contrary. For the reasons set forth herein, as well as in Leonard's main moving papers, Sankin's complaint should be dismissed as against her for failing to sufficiently allege that she initiated the prior arbitration with malice.

IV. **The Complaint Should Be Dismissed Because Neither Abeshouse nor Leonard Was a Party in the Prior Proceeding**

Sankin requests that this Court disregard the holding of *Strumpf, supra,* 2006 N.Y. Misc. LEXIS 3976, where the court dismissed a malicious prosecution claim against the controlling shareholder of the company on the ground that he was not a party to the underlying action and the plaintiff had failed to allege that the corporate veil should be pierced. *Id.,* at *10. Instead, Sankin asks this Court to follow *Burke v. Massara,* 46 Misc. 2d 933, 261 N.Y.S.2d 314 (Sup. Ct. 1965), a one-page decision that no other court has ever cited that Sankin mischaracterizes as "carefully reasoned." Sankin Br. at 13. This Court should ignore *Burke* as every court has done

since the decision was issued 43 years ago. Sankin also misstates the law in claiming that a corporate entity cannot be found to have acted with malice, a proposition long ago rejected by the United States Supreme Court. *See, e.g., Salt Lake City v. Hollister*, 118 U.S. 256, 261, 6 S. Ct. 1055, 30 L. Ed. 176 (1886). Indeed, cases routinely deal with the issue of whether or not a corporation has acted with malice. *See, e.g., Record Club of America, Inc. v. United Artists Records, Inc.*, 611 F. Supp. 211, 217 (S.D.N.Y. 1985) ("A parent corporation that is motivated by malice toward a plaintiff ... is not immune from liability.").

This Court should follow *Strumpf*. Under New York law, one of the elements of a malicious prosecution claim is that the prior proceeding was commenced by "the defendant." *See Engel* and cases cited in Sankin's Br. at 10, Elements of Malicious Prosecution Under New York Law. Contrary to his argument, Sankin's complaint does not contain sufficient allegations to pierce the corporate veil and to allow him to assert claims directly against either Abeshouse or Leonard as substitutes for Augustus. Accordingly, as in *Strumpf*, Sankin's malicious prosecution claims against both Abeshouse and Leonard should be dismissed.[8]

## V. The New York Court of Appeals Would Likely Follow the California Supreme Court's Decision In Brennan

Sankin argues that the New York Court of Appeals is unlikely to follow *Brennan v. Tremco, Inc.*, 25 Cal. 4th 310, 105 Cal. Rptr. 2d 790, 20 P.3d 1086, 1088 (Cal. 2001), the case in which the California Supreme Court dismissed a malicious prosecution action based on an underlying civil arbitration proceeding. The two rationales given by the *Brennan* court for its holding, to wit, preventing an "'unending roundelay of litigation'" by not expanding derivative tort litigation and strongly encouraging parties to choose binding arbitration, are each policy

---

[8] The complaint does not explicitly allege that Leonard took any improper actions against Sankin as an attorney, only that she is an attorney and is alleged to be Augustus' General Counsel. Stewart Ex. E, Complaint, ¶¶ 2, 10. Accordingly, Sankin's argument that Leonard may be "held liable as an attorney" (Sankin Br. at 14) is not accurate, and the cases he cites for this proposition are inapposite.

12

considerations that the New York Court of Appeals has often underscored. The Court of Appeals in *Engel*, like the California Supreme Court in *Brennan,* has emphasized that the better remedy for excessive litigation is to apply sanctions, not expand opportunities for initiating one or more rounds of malicious prosecution litigation after the first action has been concluded. *Compare Engel,* 93 N.Y. at 202-03 (noting that malicious prosecution claims are not encouraged and emphasizing that sanctions are available for frivolous conduct) with *Brennan,* 20 P. 3d at 1088-89 (same).

Sankin's argument that New York law permits a malicious prosecution claim to be based on any proceeding that has the "characteristics of a judicial proceeding" (Sankin Br. at 11) is erroneous. For example, in the context of grievance-to-arbitration proceedings under collective bargaining agreements, New York courts have held that an issue determined in such an arbitration proceeding "is not a matter which now may be relitigated within the context of a common law claim for malicious prosecution." *Angelo v. Metro-North Commuter R.R.,* 193 A.D.2d 525, 527, 598 N.Y.S.2d 189 (1st Dep't 1993) (malicious prosecution claim would interfere with statute's purpose of providing "'for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering ... rules of working conditions'").[9] Moreover, *Grout v. Town Bd. of Glenville,* 73 A.D.2d 426, 426 N.Y.S.2d 339 (3d Dep't 1980), does not stand for the broad proposition advanced by Sankin. Rather, *Grout* stands for the proposition that certain disciplinary administrative proceedings should be "considered judicial proceedings for the purposes of a cause of action for malicious prosecution." 73 A.D.2d at 429. If presented with the issue, the New York Court of Appeals would likely conclude, as the *Brennan* court did, that a malicious

---

[9] As Sankin concedes, the NASD Code of Arbitration states that industry disputes shall be arbitrated under the Code. Sankin Br. at 12.

prosecution action should not be based on a civil arbitration, particularly one, like the NASD Proceeding, where the arbitration panel provides no written rationale for a decision that is intended to be final and non-reviewable.

## CONCLUSION

For the reasons stated herein and those previously expressed, Mark Abeshouse and Rhonda Leonard respectfully request that Plaintiff's Complaint be dismissed in its entirety as against each of them, with prejudice, and that the Court award such other and further relief as it deems proper under the circumstances of this action, such as attorneys' fees and costs available at law.

Dated: February 25, 2008

                    Respectfully submitted,

                    **STEWART OCCHIPINTI, LLP**

                    By:_____/s/_____
                         Charles A. Stewart, III (CS-7099)
                    65 West 36th Street
                    New York, New York 10018
                    Telephone: (212) 239-5500
                    Facsimile: (212) 239-5500
                    cstewart@somlaw.com

                    *Attorneys for Defendant Mark Abeshouse*

                    **LAW OFFICE OF RICHARD E. SIGNORELLI**

                    By:_____/s/_____
                         Richard E. Signorelli (RS-7976)
                    799 Broadway, Suite 539
                    New York, New York 10003
                    Telephone: (212) 254-4218
                    Facsimile: (212) 254-1396
                    rsignorelli@nycLITIGATOR.com

                    *Attorney for Rhonda Leonard*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
ANDREW C. SANKIN,                )
                                 )
                Plaintiff,       )     7:07-cv-10491-CLB
                                 )
                                 )
    -against-                    )
                                 )
MARK ABESHOUSE and RHONDA        )     **CERTIFICATE OF SERVICE**
LEONARD,                         )
                                 )
                Defendants.      )
                                 )
-------------------------------------------------X

       CHARLES A. STEWART, III, an attorney admitted to practice in the United States District Court for the Southern District of New York, certifies, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on February 25, 2008, the attached Reply Memorandum of Law was served upon all counsel in this action by electronically filing the same with the Court pursuant to the rules of the United States District Court for the Southern District of New York:

                      Richard W. Signorelli, Esq.
                      Law Office of Richard E. Signorelli
                      799 Broadway, Suite 539
                      New York, New York 10003
                      rsignorelli@nycLITIGATOR.com

                      Terence William McCormick, Esq.
                      Mintz & Gold LLP
                      470 Park Avenue South, 10th Floor North
                      New York, New York 10016
                      mccormick@mintzandgold.com

Dated: New York, New York
       February 25, 2008

                                      /s/
                              Charles A. Stewart, III (CS-7099)