UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDREW C. SANKIN,

                        Plaintiff,

            - against -

MARK ABESHOUSE and
RHONDA LEONARD,

                        Defendants.
------------------------------------------------------------x

07 Civ. 10491 (CLB)

*Memorandum and Order*

Brieant, J.

    Before this Court in this action for malicious prosecution, are two motions, both to dismiss the complaint, with prejudice, pursuant to Fed. R. Civ. Pro.12(b)(6). The motions were both filed on January 11, 2008 (Doc. Nos. 10 and 11). Opposition papers were filed on February 11, 2008 (Doc. No. 16). Reply papers were filed on February 25, 2008 (Doc. No. 18).

    *Background*

    The following facts are presumed true for the purposes of this motion only. Andrew C. Sankin (the "Plaintiff") asserts this malicious prosecution claim as arising out of a prior National Association of Securities Dealers ("NASD") arbitration, commenced against him on May 13, 2005, by Augustus Capital LLC ("Augustus"), a FINRA-member broker-dealer firm. The statement of claim sought damages for breach of contract. During the arbitration, Mr. Sankin asserted a counterclaim for defamation, and requested expungement of his U-5 and attorneys' fees and costs. On July 26, 2007, the arbitration panel found for Mr. Sankin on the breach of contract claim and recommended Mr. Sankin's U-5 be expunged, due to defamatory

1

information contained therein (which was done), but denied Mr. Sankin's request for attorneys' fees.  Mr. Sankin entered and docketed the NASD Award in the New York State Supreme Court.

On October 12, 2007, Sankin commenced this malicious prosecution action against Mark Abeshouse, a principal of Augustus, and his wife, Rhoda Leonard, who happens to be Augustus' General Counsel (collectively the "Defendants") in New York State Supreme Court.  On November 20, 2007, Defendants removed the case based on diversity jurisdiction, and relying on the Plaintiff's claim for $500,000 in compensatory damages.

Plaintiff's complaint alleges that he became a registered representative of Augustus in February 1999 and entered into a commission sharing Agreement (the "Agreement") with Augustus for the period during which Plaintiff was registered with Augustus.  Plaintiff contends that beginning in early 2004, Defendant Abeshouse began expressing his discontent with the Agreement and attempted to convince Plaintiff to renegotiate.  Plaintiff alleges that Defendant Leonard participated in similar conduct by advising Defendant Abeshouse to charge Plaintiff "additional fees" if he did not agree to a new agreement.  On June 24, 2004, Augustus distributed a memorandum setting forth a new compensation schedule for registered representatives of Augustus, effective July 1, 2004.  On July 8, 2004, after refusing to accept the new compensation schedule, Plaintiff resigned from Augustus.  However, Plaintiff contends that Defendant Abeshouse indicated on Plaintiff's U-5 that he was "permitted to resign" and that "a dispute arose regarding August Capital LLC's compliance policies resulting in the resignation of

employee Sankin." As previously stated, the arbitration panel found in favor of Plaintiff, however denied him recovery of attorneys' fees.

*Discussion*

*Standard for § 12(b)(6) Motion to Dismiss*

In deciding a motion to dismiss under Fed. R. Civ. Pro. § 12(b)(6), the Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the nonmovant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Additionally, in light of the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), in order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. (this abrogates the rule of *Conley v. Gibson*, 355 U.S. 41, requiring "no set of facts" inquiry for motion to dismiss). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 127 S.Ct. at 1965. Thus, the Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat the motion.

*Malicious Prosecution Claim*

Four elements must be shown in order for a Plaintiff to plead a claim of malicious prosecution. The plaintiff must plead enough facts to show: (1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it

3

can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff. *O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996). Additionally when the prior action was civil in nature, the plaintiff must also show special damages resulted from the action. *Engel v. CBS, Inc.*, 93 N.Y.2d 195 (1999); *Honzawa v. Honzawa*, 268 A.D.2d 327 (1st Dep't 2000); *Dudick v. Gulyas*, 277 A.D.2d 686 (3d Dep't 2000). Plaintiff has failed to make the showing necessary to avoid dismissal of the claim.

*Element of Initiation of Underlying Proceeding*

Plaintiff has not shown that the prior NASD Arbitration was initiated by either Defendant. The Arbitration was initiated by Augustus Capital LLC. Neither Defendant Abeshouse's position as a principal of Augustus, nor Defendant Leonard's position as general counsel, changes this fact.

*Element of Probable Cause*

During the NASD arbitration, Plaintiff counterclaimed for attorneys' fees and costs, by arguing that Augustus' claims were frivolous. After extensive post-arbitration briefing on this issue, the arbitration panel denied Sankin's request for an award of attorneys' fees and costs. Defendants argue that this decision, in essence, establishes that the claims brought by Augustus were not frivolous and, as such, there was probable cause to believe in the success of those claims. Defendants further argue that Plaintiff's attempts to relitigate the issues in this Court should be denied, on the basis of collateral estoppel principles. The Court agrees. "A

prior judicial finding that the underlying civil claim, although not ultimately successful, was not frivolous or unsupportable creates a presumption that it did not lack probable cause, and where, as here, plaintiffs fail to rebut that presumption, the result must be dismissal of the malicious prosecution complaint." *Loftus v. Arthur*, 847 N.Y.S.2d 902 (N.Y. Sup. Ct. 2007) (dismissing complaint asserting malicious prosecution based on a prior Article 78 proceeding).

### *Element of Special Damages*

New York Law requires that the plaintiff in a malicious prosecution action plead "special injury" which must entail "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 205 (1999). Plaintiff has not plead, and this Court does not find in the complaint, any special damages resulting from the prior arbitration. As set forth in *Engel*, attorneys' fees and cost associated with defending a lawsuit do not rise to the level necessary to show special damages. Notably, Plaintiff's complaint does not assert a claim specifically for recovery of attorneys' fees associated with the prior arbitration, presumably due to the fact that the arbitration panel already determined Plaintiff was not entitled to them.

The argument that the arbitration impaired Plaintiff's recovery from cancer is not only unavailing, but preposterous. If the recovery process of a disease so debilitating could be cured simply by avoiding litigation, Plaintiff has made great leaps and bounds in the medical field, where years of science has failed.

Plaintiff vaguely asserts that the NASD proceeding damaged his relationship with Mr. Joseph Edelman, a principal of Perspective Advisors, and such impairment was a contributing factor in the removal of Plaintiff as an officer of Perspective. Plaintiff, however fails to sufficiently, or specifically allege special injury of the loss of business or monetary harm as a direct result of any conduct of either Defendant.

*Conclusion*

Defendants' have amply demonstrated their entitlement to judgment dismissing the complaint against them. The Court grants Defendants' motions to dismiss Plaintiff's complaint, with prejudice. Clerk shall file a final judgment and terminate all motions pending as of March 12, 2008 as moot and close the case.

X

                X

                        X

SO ORDERED.

Dated: White Plains, New York
       March 12, 2008

SO ORDERED.

Dated: White Plains, New York
       March 12, 2008

                                              */s/ Charles L. Brieant*
                                              Charles L. Brieant, U.S.D.J.